**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
| --- | --- |
| **TESLA, INC.,** | |
| **Plaintiff,** | Civil Action No.: 1:23-cv-1466 |
| **v.** | |
| **TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,** | **COMPLAINT** |
| **Defendant.** | |

Plaintiff Tesla, Inc. ("Plaintiff" or "Tesla") files this Complaint against Defendant Travelers Property Casualty Company of America ("Defendant" or "Travelers") and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for declaratory judgment and breach of contract arising out of Travelers' failure and refusal to: (i) honor its obligations to Tesla as an additional insured, and (ii) defend Tesla in an underlying action titled *Jasmin Munoz, et al. v. Tesla, Inc., et al.*, filed in the 152nd Judicial District Court, Harris County, Texas, Cause No. 2022-27251 (the "Underlying Action"), which alleges, among other things, claims for personal injury damages suffered by the underlying plaintiffs.

## PARTIES

2.      Plaintiff Tesla, Inc. is a Delaware corporation with its principal place of business in Travis County, Texas.

3.      Upon information and belief, Defendant Travelers Property Casualty Company of America is an insurance company organized under the laws of the state of Connecticut, with its

principal place of business located at 1 Tower Square, Hartford, CT 06103.  Travelers may be served through its authorized agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), based on complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Western District of Texas—Austin Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Court's judicial district.  Though pending in Harris County, Texas, the Underlying Action relates to alleged injuries that occurred at the Tesla Gigafactory located in Travis County, Texas.

6.      This Court has personal jurisdiction over Travelers because at all relevant times, Travelers operated, conducted, engaged in, or carried on business or business ventures in Texas, there is the requisite nexus between the business and this action, and because Travelers engages in substantial and not isolated activity within Texas.  Further, Travelers insured business in Texas and issued the policy in this matter that covers activities and work in Travis County, Texas.

## FACTUAL BACKGROUND

**A.      The Insurance Policy**

7.      Travelers issued to Belcan, LLC ("Belcan") Travelers Policy Number TC2J-GLSA-134D2981-TIL-21 (the "Policy") with effective dates of February 1, 2021 through February 1, 2022.  A true and correct copy of the Policy is attached hereto as Exhibit A.

8.      The Policy provides liability insurance coverage to Belcan, as well as other additional insureds, including Tesla.  *See* <u>Exhibit</u> A; *see also* <u>Exhibit</u> B at 3 (Travelers Coverage Denial Letter dated May 19, 2023).

9.      As an additional insured under the Policy,[1] Travelers is required to defend and indemnify Tesla from third-party claims based on, among other provisions, the following:

> a.  With respect to liability for "bodily injury" or "property damage" that occurs, or for "personal injury" caused by an offense that is committed, subsequent to the signing of that contract or agreement and while that part of the contract or agreement is in effect; and
> b.  If, and only to the extent that, such injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the written contract or agreement applies. Such person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

<u>Exhibit</u> A.  In addition, Tesla is covered as an insured under the Policy as a premises owner that Belcan agreed in a written contract to include as an additional insured.

**B.      The Underlying Action**

10.      On or about May 6, 2022, Jasmin Munoz, Individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr. (Deceased), Karina Ramirez, and Antelmo Ramirez, Jr. (collectively "Plaintiffs") filed a lawsuit against Tesla and Belcan for the death of

---

[1]      The Policy contains a blanket additional insured provisions that qualifies any entity as an "additional insured" under the Policy with which Belcan has contractually agreed to include as an additional insured.  Belcan agreed to include Tesla as an additional insured under its insurance policies as part of the Master Service Agreement between Belcan and Tesla for the work Belcan performed at the Texas Gigafactory.  *See* <u>Exhibit</u> D.  Travelers has effectively conceded that Tesla is an additional insured under the Policy, although it erroneously relied on certain exclusions to deny coverage.  *See* <u>Exhibit</u> B.

Antelmo Ramirez, Sr. ("Decedent") at the Tesla Gigafactory in Travis County, Texas. *See* <u>Exhibit</u> C.

11.     On May 19, 2022, Plaintiffs filed a First Amended Petition to include the following Belcan entities as defendants: (i) Belcan, LLC; (ii) Belcan Engineering Group, LLC; and (iii) Belcan Services Group Limited Partnership (collectively the "Belcan Entities"). *See* <u>Exhibit</u> E.

12.     On October 3, 2022, Plaintiffs filed a Second Amended Petition adding claims against Belcan employee Gaspar Cano, Jr. *See* <u>Exhibit</u> F.

13.     In the Underlying Action, Plaintiffs assert that, on September 28, 2021, Ramirez died as a result of excessive heat exposure at the Texas Gigafactory while performing work "on behalf of Defendants."[2]   Plaintiffs further allege that, as "a result of the exposure of excessive heat, Decedent exhibited an altered mental status to his co-workers," and he was "taken into a trailer on the site, where he became unresponsive."   <u>Exhibit</u> F.   According to Plaintiffs, although the "medical staff" at the scene began treatment for Ramirez, he died of hyperthermia by the time EMS arrived.

14.     Plaintiffs assert negligence and gross negligence claims against Tesla, the Belcan Entities, and Gaspar Cano related to Ramirez's death.   Plaintiffs seek damages for wrongful death and the estate's survival actions.   According to the petition, Plaintiffs "seek in excess of $25,000,000.00 and exemplary damages."   Plaintiffs point blame at all of the Defendants in the case:

---

[2]     Plaintiffs generically define the "Defendants" as the Belcan Entities, Tesla, and Gaspar Cano.

> 5.5     Plaintiffs' injuries and the Decedent's injuries and resultant death were not caused by any fault of their own, but rather the negligence and/or gross negligence of all Defendants.

15.     Plaintiffs' petition is replete with allegations that the Belcan Entities were negligent and caused Decedent's death. *See* <u>Exhibit</u> F ¶ 6.3 ("[Belcan LLC] committed acts and omissions, which collectively and separately constituted negligence. . . . [Belcan LLC's breach] was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death."); *see id.* ¶ 6.5 ("[Belcan Engineering] committed acts and omissions, which collectively and separately constituted negligence. . . . [Belcan Engineering's breach] was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death."); *see id.* ¶ 6.6 ("[Belcan Services] committed acts and omissions, which collectively and separately constituted negligence. . . . [Belcan Service's breach] was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death."). In addition, Plaintiffs sued Belcan employee, Gaspar Cano, for his conduct in the course and scope of his employment with Belcan that allegedly caused Plaintiffs' injuries. *Id.* ¶¶ 3.8, 6.9 – 6.10.

**C.     Tesla's Tender and Travelers' Denial**

16.     On July 5, 2022, Tesla demanded indemnification from Belcan and asserted a demand for defense as an additional insured under the Policy as required by the MSA. *See* <u>Exhibit</u> G.

17.     On May 19, 2023—*over 10 months after* Tesla demanded indemnification and defense coverage—Travelers finally responded and rejected Tesla's demand. *See* <u>Exhibit</u> B (the "Denial Letter").

18.     In its Denial Letter, Travelers conceded that Tesla is an additional insured under the Policy but refused to provide coverage because, "[i]n the lawsuit, Tesla is being sued for its own alleged negligent conduct not the acts or omissions of Belcan." Exhibit B, at 3.  Travelers also asserts that "it is [Travelers'] understanding that Tesla directed and controlled the construction site.  As controller of the worksite, Tesla may be considered the Decedent's employer, which may implicated the Employer's Liability Exclusion. . . ."

19.     Travelers does not cite to any allegations in the Underlying Action—nor could it— to support these assertions.  *Cf.* Exhibit F.

20.     On August 8, 2023, Tesla responded to the Denial Letter and again urged Travelers to reconsider its misguided denial.  *See* Exhibit H (the "Tesla's Response").

21.     In Tesla's Response, Tesla explained in explicit detail why Travelers' assertion that Tesla had been sued only for its own negligence was baseless:

> **1.     The claims against Tesla are within the scope of coverage provided by the additional insured endorsement under Belcan's policy.**
>
> Travelers' Denial Letter acknowledges that Tesla is an additional insured under Travelers Policy Number TC2J-GLSA-134D2981-TIL-21 (the "Policy"),[4] but contends that the claims against Tesla in the Lawsuit are outside of the scope of coverage because "Tesla is being sued for its own negligent conduct not the acts or emissions of Belcan." Denial Letter at 3. This assertion is both factually incorrect and legally irrelevant.
>
> The endorsement on which you rely—the Blanket Additional Insured endorsement— covers Tesla for any "injury or damage" that is "caused by acts or omissions" of Belcan or its subcontractor "in the performance" of Belcan's work. Here, the Lawsuit is replete with allegations that Belcan and its employees' "acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of thus suit and the injuries and damages suffered by Plaintiffs and the Decedent's death." Exhibit 1, ¶¶ 6.4, 6.6, 6.8, 6.10. In fact, in addition to directly suing Belcan for Plaintiffs' injuries, Plaintiffs have sued Belcan's foreman, Gaspar Cano, Jr., for his conduct in the course and scope of his employment with Belcan that caused Plaintiffs' injuries. *See id.* ¶¶ 3.8, 6.9 – 6.10.

Exhibit H at 2.

22.    Tesla also explained why Travelers' denial under the Employer's Liability Exclusion, which Travelers claims "*may*" apply, is also wrong:

> **2.    Tesla was not Decedent's employer and therefore the Policy's Employer's Liability Exclusion is not implicated.**
>
>    Travelers next makes the remarkable claim that coverage does not exist under the Policy because "Tesla *may* be considered the Decedent's employer, which *may* implicate the Employer's Liability Exclusion under the policy." Denial Letter at 3 (emphasis added). Travelers' position is meritless, at best. As set forth in Decedent's *employment offer* from Belcan:
>
> > Congratulations on joining the Belcan team! We are pleased to offer you a contract position working at a Belcan Client site, **with Belcan as your legal employer of record**.
> >
> > ***
> >
> > This employment offer is for a Belcan contract assignment, contingent upon the successful completion of **Belcan employment-related documents** in addition to the results from per-employment reference checks and screenings.
>
> Exhibit 2 (emphasis added). In addition to signing his employment offer with Belcan, Decedent also executed a "Belcan Attendance and Zero Tolerance Policy" with his employer, Belcan, along with the Belcan "Employment Agreement" and Belcan "Emergency Contact Information/Employee Image Release" form. *See id.* And, of course, Belcan paid the Decedent as its employee and issued him W-2 statements. Exhibit 3. Further, Plaintiffs have admitted under oath in the Lawsuit that Decedent was employed by Belcan. Travelers' position that Decedent "may" be considered Decedent's employee is nothing more than a bad-faith attempt to avoid fulfilling its legal obligation. And, given the repeated reprimands issued against insurers by the Texas courts of appeal and the Fifth Circuit for this exact type of behavior, we are confident the trial court will see it the same way.

*Id.* at 4.  And there is certainly nothing in the Underlying Action alleging that Tesla employed Ramirez.  It clearly did not.

23.    On September 1, 2023, Travelers responded to Tesla and again reiterated its denial of coverage in the Underlying Action.  *See* Exhibit I.

24.    Based on the allegations against the Belcan Entities in the Underlying Action, there is no question that coverage exists for Tesla under the Policy.  *See, e.g., Windermere Oaks Water Supply Corp. v. Allied World Specialty Ins. Co.*, 67 F.4th 672, 675 (5th Cir. 2023); *Colony Ins. Co.*

*v. Peachtree Constr., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011); *St. Paul Ins. Co. v. Texas Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied).

<u>**COUNT I**</u>
<u>**DECLARATORY RELIEF**</u>

25.     Tesla repeats and re-alleges the allegations of Paragraphs 1 through 24 as though fully set forth herein.

26.     Travelers has wrongfully refused to provide coverage and defend Tesla in connection with the Underlying Action.

27.     By reason of the foregoing, an actual and justiciable controversy exists between Tesla and Travelers with respect to Travelers' duties and obligations under the Policy in connection with the Underlying Action.

28.     Specifically, a dispute exists as to whether the allegations in the Underlying Action sufficiently allege a claim for "bodily injury" or "personal injury" caused by "acts or omissions of [Belcan] or [Belcan's] subcontractor in the performance of '[their] work]'" that is committed during the policy period, such that Travelers must provide coverage and defend Tesla as an additional insured in the Underlying Action.  In addition, a dispute exist as to whether certain other provisions provide coverage for Tesla as the premises owner or otherwise in the Underlying Action and whether certain exclusions apply to prevent coverage.

29.     Resolution of this controversy will establish Tesla's right to coverage under the Policy, including defense from the Underlying Action.

30.     A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties under the Policy.

31.     Tesla seeks a judicial declaration that Travelers is obligated under the Policy to provide a full defense to Tesla in the Underlying Action.

## COUNT II
## BREACH OF CONTRACT

32.     Tesla repeats and re-alleges the allegations of Paragraphs 1 through 31 as though fully set forth herein.

33.     The Policy sets forth valid and enforceable duties and obligations between Tesla and Travelers.  Specifically, pursuant to the Policy, Travelers is obligated to defend Tesla in the Underlying Action.

34.     Tesla has complied with all conditions to coverage and satisfied all obligations to the extent that they have not been waived or abrogated by Travelers' conduct, omissions, or actions.

35.     The Policy sets forth Travelers' contractual obligations to provide coverage and defend Tesla when allegations are made against it or the other insureds that potentially falls within the coverage afforded by the Policy and none of the exclusions preclude coverage.

36.     Travelers has breached the terms and provisions of the Policy by denying coverage and by failing and refusing to defend Tesla or pay any defense fees and costs in connection with the Underlying Action.

37.     In particular, as set forth above, the Underlying Action asserts claims that fall within the coverage afforded by the Policy and no exclusions apply to preclude coverage.

38.     Travelers' refusal to defend Tesla or pay any defense fees and costs has caused Tesla to suffer substantial damages.

39.     As a result of Travelers' breach, Tesla sustained damages and is entitled to an award of all damages, including but not limited to compensatory damages, direct and consequential damages, pre- and post- judgment interest, attorneys' fees and costs in an amount to be proven at trial.

## COUNT III
## PROMPT PAYMENT OF CLAIMS STATUTE

40.      Tesla repeats and re-alleges the allegations of Paragraphs 1 through 39 as though fully set forth herein.

41.      As a result of Travelers' refusal to provide a defense to Tesla under the Policy, Tesla has incurred defense costs and attorneys' fees associated with defending itself in the Underlying Action.

42.      The failure of Travelers to timely provide a defense to Tesla in the Underlying Action and to pay Tesla's defense costs constitutes a violation of Article 542.051, *et seq.,* of the Texas Insurance Code.

43.      Therefore, in addition to its claim for damages, Tesla is entitled to 18% interest per annum and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

## COUNT IV
## VIOLATIONS OF TEXAS INSURANCE CODE

44.      Tesla repeats and re-alleges the allegations of Paragraphs 1 through 43 as though fully set forth herein.

45.      As set forth above, through its numerous denials of coverage and claims-handling processes, Travelers has violated Sections 541.060 and 541.061 of the Texas Insurance Code by, without limitation,

(a)      refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(b)      making an untrue statement of material fact regarding coverage available under the Policy; and

(c)      making a material misstatement of law.

46.     As a result of Travelers' unfair and deceptive acts and practices as set out above, Tesla has suffered and will continue to suffer actual damages.  Tesla, therefore, seeks to recover its actual damages, plus court costs, interest, reasonable and necessary attorney's fees, and all other relief allowed by law.

47.     Travelers' acts and practices set out above were knowingly committed and as a result, Tesla seeks trebled damages under Section 541.152(b) of the Texas Insurance Code.

**COUNT V**
**ATTORNEYS' FEES**

48.     Tesla repeats and re-alleges the allegations of Paragraphs 1 through 47 as though fully set forth herein.

49.     Tesla engaged counsel to prosecute this lawsuit against Travelers and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50.     Tesla prays that it be awarded all reasonable attorneys' fees and costs incurred in prosecuting its causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code, or other applicable law or contractual provision.

**CONDITIONS PRECEDENT**

51.      All conditions precedent to Tesla's right to recover under the Policy have been fully performed or have occurred, or, have been waived by Travelers, or Travelers should be estopped from enforcing any condition precedent.

**PRAYER FOR RELIEF**

Tesla, Inc. respectfully prays that, upon final hearing of the case, this Court (a) declare and adjudge the contractual obligations of Travelers to defend and indemnify Tesla in the Underlying Action pursuant to the Policy, (b) that this Court order, declare, and adjudge that Tesla recovers all damages, penalties, treble damages, and interest from and against Travelers that it may

-11-

reasonably establish by the evidence, and (c) that this Court award attorneys' fees through trial

and any appeal, costs of court, pre-and post-judgment interest, and such other and further relief, at

law or in equity, to which Tesla may show itself justly entitled.


  Dated:  December 1, 2023


                                        **JACKSON WALKER LLP**


                                  By:    */s/ Joshua A. Romero*
                                         Joshua A. Romero
                                         State Bar No. 2404676
                                         Sean F. Gallagher
                                         State Bar No. 24101781
                                         JACKSON WALKER LLP
                                         100 Congress Avenue, Suite 1100
                                         Austin, Texas 78701
                                         Telephone (512) 236-2000
                                         Facsimile (512) 391-2189
                                         jromero@jw.com
                                         sgallagher@jw.com

                                         ***Attorneys for Plaintiff Tesla, Inc.***

38018141v.2 159479/00003