# EXHIBIT F

## Civil Action No. 1:23-cv-1466

10/3/2022 5:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68854524
By: Cynthia Clausell-McGowan
Filed: 10/3/2022 5:10 PM

CAUSE NO. 2022-27251

| | | |
|---|---|---|
| JASMIN MUNOZ, Individually and as | § | IN THE DISTRICT COURT |
| Personal Representative of the Estate of | § | |
| Antelmo Ramirez, Sr., Deceased, | § | |
| KARINA RAMIREZ, and ANTELMO | § | |
| RAMIREZ, JR. | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TESLA, INC. ET AL. | § | 152ND JUDICIAL DISTRICT |

**PLAINTIFFS' SECOND AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Jasmin Munoz, Individually and as Personal Representative of the

Estate of Antelmo Ramirez, Sr., Deceased ("Decedent"), Karina Ramirez, and Antelmo Ramirez,

Jr. (collectively "Plaintiffs"), complaining of Defendants Tesla, Inc. ("Tesla"), Belcan, LLC

("Belcan"), Belcan Engineering Group, LLC ("Belcan Engineering"), Belcan Services Group

Limited Partnership ("Belcan Services"), and Gaspar Cano, Jr. (collectively "Defendants"), and, for

cause of action would show unto this Honorable Court, as follows:

**I.  DISCOVERY CONTROL PLAN**

1.1    Plaintiffs intend to conduct discovery under Level 3, pursuant to Texas Rule of Civil

Procedure 190.4.

1.2    Plaintiffs affirmatively plead that this suit does not fall under the expedited-actions

process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of

$250,000.

**II.  CLAIMS FOR RELIEF**

2.1    Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiffs are seeking monetary relief over

$1,000,000.

## III.  PARTIES

3.1     Plaintiff Jasmin Munoz is a resident and citizen of Harris County, Texas, and brings this claim individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased.  Jasmin Munoz is the surviving daughter of the Deceased.

3.2     Plaintiff Karina Ramirez, is a resident and citizen of Texas.  Karina Ramirez is the surviving daughter of the Deceased.

3.3     Plaintiff Antelmo Ramirez, Jr. is a resident and citizen of Texas.  Antelmo Ramirez, Jr. is the surviving son of the Deceased.

3.4     Defendant Tesla, Inc., is a Delaware corporation with its principal place of business in Texas, doing business in the State of Texas for the purpose of accumulating monetary profit.  This Defendant has already appeared herein.

3.5     Defendant Belcan, LLC, is a foreign limited liability company with its principal place of business in Cincinnati, Ohio, doing business in the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044. This suit arises out of business contacts in the State of Texas and, under the circumstances, Belcan, LLC has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Petition, along with Citation, by certified mail, return receipt requested, to Defendant, Belcan, LLC, at its home office 10200 Anderson Way, Cincinnati, Ohio 45242.  This  Defendant has already appeared herein.

3.6    Defendant Belcan Engineering Group, LLC, is a foreign limited liability company with its principal place of business in Cincinnati, Ohio, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3.7    Defendant Belcan Services Group Limited Partnership, is a foreign limited partnership with its principal place of business in Cincinnati, Ohio, doing business in the State of Texas for the purpose of accumulating monetary profit.  This  Defendant has already appeared herein.

3.8    Defendant Gaspar Cano, Jr. was the supervisor of the crew that the Decedent was working on at the time of his death.  This Defendant may be served with process at 622 Ellena Road, Houston, Texas 77076 or wherever he may be found.

3.9    Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiffs specifically invoke the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

## IV.  JURISDICTION AND VENUE

4.1    This Court has jurisdiction over this case because Defendants are residents of and/or systematically conduct business in the State of Texas.  The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

4.2    Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code as Harris County, Texas is the county where the principal places of business for at least one of the Defendants is located.  Venue is also proper in Harris

County, Texas pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code as Harris County, Texas is the county of Defendant Cano's residence at the time the cause of action accrued. Because Plaintiffs have established proper venue against one defendant, the Court also has venue over all of the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences, thus venue is proper in Harris County, Texas as to all Defendants in this case.

4.3     Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, and this lawsuit lacks diversity of citizenship.

## V.  FACTS

5.1     It has become necessary to bring this action because of the deadly incident that occurred at the Tesla giga-factory construction project on September 28, 2021.

5.2     On the date of the incident, the Decedent was performing work on behalf of the Defendants at the project. The Decedent performed heavy labor job tasks at the worksite, including constructing, installing and pounding stakes and boards for concrete framework. During his work, he was exposed to the recognized hazard of high ambient heat with a heat index in excess of 98 degrees Fahrenheit in direct sun while performing his job duties.

5.3     As a result of the exposure to excessive heat, Decedent exhibited an altered mental status to his co-workers. He was taken into a trailer on the site, where he became unresponsive. Medical staff began treatment until EMS arrived. By the time EMS arrived, Decedent's temperature was 106.4 degrees. Unfortunately, the medical treatment he received on the scene was unable to save him. The Decedent died of hyperthermia as a result of the excessive heat conditions he worked in.

5.4     Decedent suffered unimaginable pain and suffering, before dying in the trailer.

5.5     Plaintiffs' injuries and the Decedent's injuries and resultant death were not caused by any fault of their own, but rather the negligence and/or gross negligence of all Defendants.

5.6     The consequence to Plaintiffs has been painful and will be prolonged, including physical injuries and mental suffering from which they may never recover.

## VI.  CAUSES OF ACTION

### A.     Negligence of Defendant - Tesla

6.1     At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

(a)     Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)     Failing to properly select, hire, train and manage independent contractors;

©     Failing to implement proper and adequate safety methods and/or procedures;

(d)     Failing to take reasonable precautions for Decedent's safety;

(e)     Failing to provide Decedent with a reasonably safe place to work;

(f)     Failing to provide medical treatment and care to Decedent;

(g)     Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(h)     Failing to inspect the work;

5

(I)      Failing to properly monitor the weather and temperature conditions at the worksite;

(j)      Failing to properly monitor and oversee safety in the workplace;

(k)      Failing to properly supervise the work being performed;

(l)      Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(m)      Failing to provide adequate warning to Decedent of the dangerous condition(s);

(n)      Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(o)      Failing to exercise due care and caution;

(p)      Violating OSHA regulations and standards; and

(q)      Other acts of negligence and/or omissions to be shown at trial herein.

6.2    Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**B.    Negligence of Defendant - Belcan**

6.3    At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

(a)      Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)     Failing to implement proper and adequate safety methods and/or procedures;

©     Failing to take reasonable precautions for Decedent's safety;

(d)     Failing to provide Decedent with a reasonably safe place to work;

(e)     Failing to provide medical treatment and care to Decedent;

(f)     Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(g)     Failing to properly monitor the weather and temperature conditions at the worksite;

(h)     Failing to properly monitor and oversee safety in the workplace;

(I)     Failing to properly supervise the work being performed;

(j)     Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(k)     Failing to provide adequate warning to Decedent of the dangerous condition(s);

(l)     Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(m)     Failing to exercise due care and caution;

(n)     Failing to implement safety policies and procedures applicable to subsidiary companies that were sufficient to minimize risk to Decedent and others;

(o)     Failing to implement policies and procedures applicable to subsidiary companies to monitor the work conditions;

(p)     Failing to implement policies and procedures applicable to subsidiary companies to recognize and remediate hazards posed by significant temperatures at the worksite;

(q)     Failing to implement policies and procedures applicable to subsidiary companies to properly monitor the weather and temperature conditions at the worksite;

7

(r)     Failing to implement policies and procedures applicable to subsidiary companies to ensure adequate medical care was available at the worksite;

(s)     Violating OSHA regulations and standards; and

(t)     Other acts of negligence and/or omissions to be shown at trial herein.

6.4    Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**C.    Negligence of Defendant - Belcan Engineering**

6.5    At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

(a)    Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)    Failing to implement proper and adequate safety methods and/or procedures;

(c)    Failing to take reasonable precautions for Decedent's safety;

(d)    Failing to provide Decedent with a reasonably safe place to work;

(e)    Failing to provide medical treatment and care to Decedent;

(f)    Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(g)    Failing to properly monitor the weather and temperature conditions at the worksite;

8

(h)     Failing to properly monitor and oversee safety in the workplace;

(I)     Failing to properly supervise the work being performed;

(j)     Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(k)     Failing to provide adequate warning to Decedent of the dangerous condition(s);

(l)     Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(m)     Failing to exercise due care and caution;

(n)     Failing to implement safety policies and procedures applicable to subsidiary companies that were sufficient to minimize risk to Decedent and others;

(o)     Failing to implement policies and procedures applicable to subsidiary companies to monitor the work conditions;

(p)     Failing to implement policies and procedures applicable to subsidiary companies to recognize and remediate hazards posed by significant temperatures at the worksite;

(q)     Failing to implement policies and procedures applicable to subsidiary companies to properly monitor the weather and temperature conditions at the worksite;

(®)     Failing to implement policies and procedures applicable to subsidiary companies to ensure adequate medical care was available at the worksite;

(s)     Violating OSHA regulations and standards; and

(t)     Other acts of negligence and/or omissions to be shown at trial herein.

6.6     Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

9

### D.    Negligence of Defendant - Belcan Services

6.7     At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

(a)    Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)    Failing to implement proper and adequate safety methods and/or procedures;

(c)    Failing to take reasonable precautions for Decedent's safety;

(d)    Failing to provide Decedent with a reasonably safe place to work;

(e)    Failing to provide medical treatment and care to Decedent;

(f)    Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(g)    Failing to properly monitor the weather and temperature conditions at the worksite;

(h)    Failing to properly monitor and oversee safety in the workplace;

(i)    Failing to properly supervise the work being performed;

(j)    Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(k)    Failing to provide adequate warning to Decedent of the dangerous condition(s);

(l)    Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(m)     Failing to exercise due care and caution;

(n)     Violating OSHA regulations and standards; and

(o)     other acts of negligence and/or omissions to be shown at trial herein.

6.8     Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**E.      Negligence of Defendant - Gaspar Cano Jr.**

6.9     At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care. The Defendant breached that duty in one or more of the following acts:

(a)     Failing to take reasonable precautions for Decedent's safety;

(b)     Failing to provide Decedent with a reasonably safe place to work;

©     Failing to provide medical treatment and care to Decedent;

(d)     Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(e)     Failing to properly monitor the weather and temperature conditions at the worksite;

(f)     Failing to properly monitor and oversee safety in the workplace;

(g)     Failing to properly supervise the work being performed;

(h)     Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(I)     Failing to provide adequate warning to Decedent of the dangerous condition(s);

11

     (j)     Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

     (k)     Failing to exercise due care and caution; and

     (l)     other acts of negligence and/or omissions to be shown at trial herein.

6.10    Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**D.    Gross Negligence of All Defendants**

6.11    Plaintiffs allege that all acts, conduct, and/or omissions on the part of the Defendants, taken singularly or in combination, constitute gross negligence, were deliberate, and were the proximate cause of Plaintiffs' injuries and damages and Decedent's death. The Defendants' acts and/or omissions, when viewed objectively from their standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. The Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs and Decedent. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages and Decedent's death.  Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

**VII.  DAMAGES (PECUNIARY AND NON-PECUNIARY)**

7.1    As a result of Defendants' acts and/or omissions, Plaintiffs Jasmin Munoz, Karina Ramirez, and Antelmo Ramirez, Jr. have lost their father.  As a result, Plaintiffs have been made to suffer and sustain significant damages.  Antelmo Ramirez, Sr. suffered unspeakable fear, terror, and anguishn–then lost his life.  The amount of monetary relief sought is within the sole discretion of the

trier of fact, who will consider the evidence and decide what amount will compensate said Plaintiffs for Defendants' acts and/or omissions. Plaintiffs seek all damages allowed by law for wrongful death and the estate's survival actions.

7.2     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to the Estate of Antelmo Ramirez, Sr.: (a) physical pain in the past; (b) mental anguish in the past; (c) disfigurement in the past; (d) physical impairment in the past; (e) medical expenses in the past; (f) loss of earnings and loss of future earning capacity; (g) burial expenses; and  (h) exemplary and punitive damages.

7.3     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Jasmin Munoz: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.4     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Karina Ramirez: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.5     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Antelmo Ramirez, Jr.: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning

capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

      7.6     Plaintiffs seek all damages allowed by law.

      7.7     Plaintiffs seek in excess of $25,000,000.00 and exemplary damages in the conscience of the trier of fact to deter such conscious indifference to human life and suffering and to deter corporations placing corporate profits and power over lives, specifically of this Decedent.

      WHEREFORE, Plaintiffs pray the Court issue citation for Defendants to appear and answer herein, and that Plaintiffs be awarded judgment against Defendants for the following:

a.     Actual damages;
b.     Exemplary damages;
c.     Prejudgment and postjudgment interest;
d.     Court costs;
e.     Punitive damages and attorney's fees; and
f.     All other relief to which Plaintiff is entitled.

      Respectfully submitted,

      */s/ Eric J. Rhine*
      Marcus R. Spagnoletti
      TX SBN 24076708
      mspagnoletti@spaglaw.com
      Eric J. Rhine
      TX SBN 24060485
      erhine@spaglaw.com
      SPAGNOLETTI LAW FIRM
      401 Louisiana Street, 8th Floor
      Houston, Texas 77002
      Telephone:    713.653.5600
      Facsimile:    713.653.5656

      ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record via e-service on this 3rd day of October, 2022, in accordance with the Texas Rules of Civil Procedure.

*/s/ Eric J. Rhine*
Eric J. Rhine

15

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meghan Martine on behalf of Eric Rhine
Bar No. 24060485
meghan@spaglaw.com
Envelope ID: 68854524
Status as of 10/4/2022 1:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Marcus RSpagnoletti | | marcus@spaglaw.com | 10/3/2022 5:10:25 PM | SENT |
| Joshua ARomero | | jromero@jw.com | 10/3/2022 5:10:25 PM | SENT |
| Tori Coates | | tcoates@jw.com | 10/3/2022 5:10:25 PM | SENT |
| Sean Gallagher | | sgallagher@jw.com | 10/3/2022 5:10:25 PM | SENT |
| Eric Rhine | | erhine@spaglaw.com | 10/3/2022 5:10:25 PM | SENT |
| Meghan Martine | | meghan@spaglaw.com | 10/3/2022 5:10:25 PM | SENT |
| Sarah Sanchez | | ssanchez@brothers-law.com | 10/3/2022 5:10:25 PM | SENT |
| David Brothers | | dbrothers@brothers-law.com | 10/3/2022 5:10:25 PM | SENT |