# EXHIBIT G

**Civil Action No. 1:23-cv-1466**



Joshua A. Romero
(512) 236-2035 (Direct Dial)
(512) 391-2189 (Direct Fax)
jromero@jw.com

July 5, 2022

**VIA CERTIFIED MAIL**

Belcan Services Group, Ltd. Partnership
Attn: Tara Hunt
10200 Anderson Way
Cincinnati, Ohio 45242

**Certified Article Number**
9414 7266 9904 2186 9453 78
**SENDER'S RECORD**

> RE:   **Demand for Indemnification of Claims in Cause No. 2022-27251;** *Munoz, et al.*
>       *v. Tesla, Inc., et al.***; In the 152nd Judicial District Court, Harris County, Texas**
>       **(the "Lawsuit")**

Dear Ms. Hunt:

    This law firm represents Tesla, Inc. with respect to its demand for indemnification in the
Lawsuit from Belcan Services Group, Ltd. Partnership ("Belcan"). Please direct all future
correspondence regarding this matter to me. As set forth below, we request that you confirm in
writing by July 12, 2022, Belcan's agreement to indemnify Tesla in the Lawsuit.

**I.    THE PARTIES' AGREEMENT**

    As background, on August 10, 2020, Tesla and Belcan entered into the *Tesla, Inc., Master
Services Agreement* (the "Agreement"), under which Belcan agreed to perform certain services for
Tesla pursuant to approved purchase orders. In performing its work, Belcan agreed to the
following:

> (b)    Supplier will comply with, and perform the Services in compliance with, all Laws pertaining to:
> (i) occupational safety and health; (ii) protection of persons and property from death, injury or damage; (iii) the
> environment and the use, handling, storage, labeling and disposal of toxic or hazardous materials; (iv) labor and
> employment, including equal employment opportunity; (v) tax; (vi) workmen's compensation and unemployment
> insurance, (vii) money laundering, anti-terrorism, trade embargos, and economic sanctions; and (viii) to the extent
> relevant to Supplier's performance of Services, Laws with respect to (a) data privacy, data protection, and consumer
> privacy and (b) anti-bribery and anti-corruption.

Agreement § 2.7(b).

Belcan Services Group, Ltd. Partnership
Attn: Tara Hunt
July 5, 2022
Page 2

In addition, the Agreement contains the following indemnification provision in favor of Tesla:

> **11.    INDEMNIFICATION**
>
> **11.1**    _Indemnification by Supplier._  Supplier will indemnify, defend and hold harmless Tesla, its Affiliates and their respective officers, directors, employees, agents and representatives (collectively, "***Tesla Indemnitees***"), from any and all losses arising from, in connection with, or based on allegation of any of the following: (a) any Claim by, on behalf of or relating to Supplier Personnel; (b) any Claim that, if true, would constitute a breach of Supplier's obligations under Section 6 (Confidentiality); (c) any Claim that, if true, would arise from or be attributable to a breach of Supplier's obligations under Section 2.7 (Compliance with Laws and Tesla Policies); (d) any Claim that, if true, would arise from or be attributable to a breach of Supplier's obligations under Section 9.2 (Non-Infringement); (e) any Claim for death or bodily injury, or the damage, loss or destruction of real or tangible personal property of third parties (including employees of Tesla and Supplier and their respective subcontractors) caused by the tortious conduct of Supplier, any Supplier Personnel, or any of Supplier's third-party suppliers; and (f) the inaccuracy or untruthfulness of any representation or warranty made by or on behalf of Supplier in the Agreement.

Agreement § 11.1.[1]

We understand that Belcan or its affiliates employed Antelmo Ramirez, Sr. ("Ramirez") as a laborer at Tesla's Texas Giga Factory on September 28, 2021.

## II.    THE LAWSUIT

On May 6, 2022, Jasmin Muniz, Individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased, Karina Ramirez, and Antelmo Ramirez, Jr. (collectively "Plaintiffs") filed the Lawsuit against Tesla for the death of Ramirez at Tesla's Texas Giga Factory located in Austin, Texas.  A copy of the Lawsuit is attached as Exhibit 1.

On May 19, 2022, the Plaintiffs filed a First Amended Petition that added the following Belcan entities as defendants: (i) Belcan, LLC; (ii) Belcan Engineering Group, LLC; and (iii) Belcan Services Group Limited Partnership.  A copy of the amended Lawsuit is attached as Exhibit 2.

---

[1]    The Agreement defines "Supplier Personnel" as "any personnel furnished by Supplier to perform any part of the Services, including employees and independent contractors of Supplier, its Affiliates and subcontractors."  Agreement § 14.13(u).  The "Supplier" under the Agreement is Belcan Services Group, Ltd. Partnership. _See_ Agreement at 14.

2

Belcan Services Group, Ltd. Partnership
Attn: Tara Hunt
July 5, 2022
Page 3

Plaintiffs assert that, on September 28, 2021, Ramirez died as a result of excessive heat exposure at the Giga Factory while performing work "on behalf of the Defendants."[2]  Plaintiffs further allege that, as "a result of the exposure of excessive heat, Decedent exhibited an altered mental status to his co-workers," and he was "taken into a trailer on the site, where he became unresponsive."  According to Plaintiffs, although the "medical staff" at the scene began treatment for Ramirez, he died of hyperthermia by the time EMS arrived.

Plaintiffs assert negligence and gross negligence claims against Tesla and the Belcan entities related to Ramirez's death.  Plaintiffs seek damages for wrongful death and the estate's survival actions.  According to the petition, Plaintiffs "seek in excess of $25,000,000.00 and exemplary damages."

## III.    DEMAND FOR INDEMNIFICATION

Pursuant to Section 11 of the Agreement, Tesla hereby demands that Belcan indemnify, defend, and hold harmless Tesla in the Lawsuit.  Specifically, Section 11.1 requires Belcan to indemnify, defend, and hold Tesla harmless:

> "from any and all losses arising from, in connection with, or based on allegations of any of the following: (a) any Claim by, on behalf of or relating to Supplier Personnel . . . (c) any Claim that, if true, would arise from or be attributable to a breach of Supplier's obligations under Section 2.7 (Compliance with Laws and Tesla Policies) . . . (e) any Claim for death or bodily injury . . . caused by the tortious conduct of Supplier, and Supplier Personnel, or any of Supplier's third-party suppliers; and (f) the inaccuracy or untruthfulness of any representation or warranty made by or on behalf of Supplier in the Agreement."

Agreement § 11.1.

The allegations in the Lawsuit make clear that Tesla is entitled to indemnification pursuant to the Agreement.  First, the Lawsuit is unquestionably a Claim by, on behalf of, or relating to Belcan's employee and therefore the indemnification obligation applies.  Second, assuming the allegations in the Lawsuit are true (which the Agreement requires), Belcan would be in breach of its obligations under Section 2.7 of the Agreement.  Third, the allegations in the Lawsuit relate to a death and bodily injury allegedly caused by Belcan's tortious conduct.

Please confirm in writing by July 12, 2022, that Belcan will fully indemnify Tesla in the Lawsuit.

---

[2]    Plaintiffs generically define the "Defendants" as the Belcan entities and Tesla.

33215965v.3 159479/00003

Belcan Services Group, Ltd. Partnership
Attn: Tara Hunt
July 5, 2022
Page 4

_____

**IV.   DEMAND FOR ADDITIONAL INSURED STATUS**

Section 10 of the Agreement requires Belcan to name Tesla as an additional insured under various insurance policies.  Please provide evidence of Tesla's additional insured status under those policies by July 12, 2022, as required by Section 10.2 of the Agreement.

We also demand that you tender this letter to all applicable carriers as required by Section 10.2 of the Agreement.

****

Our investigation into this matter continues, and this letter is without prejudice to any of Tesla's rights and remedies, all of which are expressly reserved.

We look forward to your response and are willing to discuss further at your convenience.


Sincerely,

*/s/ Joshua A. Romero*
Joshua A. Romero

4

# EXHIBIT "1"

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/16/2022
CT Log Number 541581844

## Service of Process Transmittal Summary

**TO:**     LEGAL DEPARTMENT - SOP
            TESLA, INC.
            901 PAGE AVE
            FREMONT, CA 94538-7341

**RE:**     **Process Served in Texas**

**FOR:**    Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JASMIN MUNOZ, Individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased, KARINA RAMIREZ, and ANTELMO RAMIREZ, JR. // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Citation, Return, Original Petition |
| **COURT/AGENCY:** | Harris County District Court, TX<br>Case # 202227251 |
| **NATURE OF ACTION:** | Employee Litigation - Fatal Injury/Wrongful Death - 09/29/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 05/16/2022 postmarked on 05/12/2022 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Marcus R. Spagnoletti<br>SPAGNOLETTI LAW FIRM<br>401 LOUISIANA 8TH FLOOR<br>HOUSTON, TX 77002<br>713-653-5600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/16/2022, Expected Purge Date: 05/21/2022<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  2

**CT Corporation**
**Service of Process Notification**
05/16/2022
CT Log Number 541581844

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# FedEx ®



ORIGIN ID:EIXA          (713) 653-5600
SPAGNOLETTI LAW FIRM
SPAGNOLETTI LAW FIRM
401 LOUISIANA
8TH FLOOR
HOUSTON, TX 77002
UNITED STATES US

SHIP DATE: 12MAY22
ACTWGT: 0.50 LB
CAD: 575693/INET4490

BILL SENDER

TO  CT CORPORATION SYSTEM
    RA FOR TESLA, INC.
    1999 BRYAN STREET
    SUITE 900
    DALLAS TX 75201
    (713) 653-5600         REF: MUNOZ, ET AL.
    INV:
    PO:                    DEPT:

FedEx Ship Manager - Print Your Label(s)

**FedEx Express**

**E**

MON - 16 MAY 4:30P
** 2DAY **

TRK# 7768 4133 1297
0201

4Z QDLLQ

75201
TX-US  DFW

HOLD-2

727-8565

Insert shipping
document here.

Pull to open.



# SPAGNOLETTI LAW FIRM

### ATTORNEYS AT LAW

401 LOUISIANA STREET, 8TH FLOOR
HOUSTON, TEXAS 77002

TELEPHONE 713 653 5600                                                                 FAX 713 653 5656

May 12, 2022

**Via FedEx Tracking No. 776841331297**
C T Corporation System
Registered Agent for Tesla, Inc.
1999 Bryan St., Ste. 900
Dallas, TX 75201

        Re:    Cause No. 2022-27251; *Jasmin Munoz, Ind. And as Personal Rep. Of the Estate of Antelmo Ramirez, Sr., Deceased, et al. v. Tesla, Inc.*; 152nd Judicial District Court, Harris County, Texas

To Whom it May Concern:

    Enclosed please find a *Citation,* along with *Plaintiffs' Original Petition* attached thereto, which we hereby serve upon you as agent for Tesla, Inc.

                Very truly yours,

                **SPAGNOLETTI LAW FIRM**

                */s/ Eric J. Rhine*

                Eric J. Rhine

EJR/mm
Enclosure(s)

CAUSE NO. 202227251

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 921031  TRACKING NO: 74003563 EML

| Plaintiff:<br>MUNOZ, JASMIN (INDIVIDUALLY AND AS PERSONAL<br>REPRESENTATIVE OF THE<br>vs.<br>Defendant:<br>TESLA INC | In The 152nd<br>Judicial District Court of<br><br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:    TESLA INC (A DELAWARE CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED
AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFFS' ORIGINAL PETITION

This instrument was filed on May 6, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on May 9, 2022, under my hand and seal of said court.

Issued at the request of:

Spagnoletti, Marcus R
401 LOUISIANA 8TH FLOOR
HOUSTON, TX  77002
713-653-5600
Bar Number: 24076708

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:ADILIANI SOLIS

Tracking Number: 74003563 EML

## CAUSE NUMBER: 202227251

| | |
|---|---|
| PLAINTIFF: MUNOZ, JASMIN (INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE | In the 152nd |
| vs. | Judicial District Court of |
| DEFENDANT: TESLA INC | Harris County, Texas |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ____. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
            Affiant                                                           Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

5/6/2022 10:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64257082
By: Patricia Jones
Filed: 5/6/2022 10:24 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JASMIN MUNOZ, Individually and as | § | IN THE DISTRICT COURT |
| Personal Representative of the Estate of | § | |
| Antelmo Ramirez, Sr., Deceased, | § | |
| KARINA RAMIREZ, and ANTELMO | § | |
| RAMIREZ, JR. | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TESLA, INC. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Jasmin Munoz, Individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased ("Decedent"), Karina Ramirez, and Antelmo Ramirez, Jr. (collectively "Plaintiffs"), complaining of Defendant Tesla, Inc. ("Tesla"), and, for cause of action would show unto this Honorable Court, as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiffs intend to conduct discovery under Level 3, pursuant to the Texas Rule of Civil Procedure 190.4.

1.2     Plaintiffs affirmatively plead that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiffs are seeking monetary relief in excess of $250,000.

### II. CLAIMS FOR RELIEF

2.1     Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiffs are seeking monetary relief over $1,000,000.

## III. PARTIES

3.1     Plaintiff Jasmin Munoz is a resident and citizen of Harris County, Texas, and brings this claim individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased. Jasmin Munoz is the surviving daughter of the Deceased.

3.2     Plaintiff Karina Ramirez, is a resident and citizen of Texas. Karina Ramirez is the surviving daughter of the Deceased.

3.3     Plaintiff Antelmo Ramirez, Jr. is a resident and citizen of Texas. Antelmo Ramirez, Jr. is the surviving son of the Deceased.

3.4     Defendant Tesla, Inc., is a Delaware corporation with its principal place of business in Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas  75201.

3.5     Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiffs specifically invoke the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

## IV. JURISDICTION AND VENUE

4.1     This Court has jurisdiction over this case because Defendant is a resident of and/or systematically conduct business in the State of Texas. The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

4.2     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.002.

2

## V. FACTS

5.1    It has become necessary to bring this action because of the deadly incident that occurred at the Tesla giga-factory construction project on September 29, 2021.

5.2    On the date of the incident, the Decedent was performing work on behalf of the Defendant at the project. The Decedent performed heavy labor job tasks at the worksite, including constructing, installing and pounding stakes and boards for concrete framework. During his work, he was exposed to the recognized hazard of high ambient heat with a heat index in excess of 98 degrees Fahrenheit in direct sun while performing his job duties.

5.3    As a result of the exposure to excessive heat, Decedent exhibited an altered mental status to his co-workers. He was taken into a trailer on the site, where he became unresponsive. Medical staff began treatment until EMS arrived. By the time EMS arrived, Decedent's temperature was 106.4 degrees. Unfortunately the medical treatment he received on the scene was unable to save him. The Decedent died of hyperthermia as a result of the excessive heat conditions he worked in.

5.4    Decedent suffered unimaginable pain and suffering, before dying in the trailer.

5.5    Plaintiffs' injuries and the Decedent's injuries and resultant death were not caused by any fault of their own, but rather the negligence and/or gross negligence of the Defendant.

5.6    The consequence to Plaintiffs has been painful and will be prolonged, including physical injuries and mental suffering from which they may never recover.

## VI. CAUSES OF ACTION

### A.    Negligence of Defendant - Tesla, Inc.

6.1    At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to

3

exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

  (a) Failing to properly select, hire, train and manage Defendant's employees at the worksite;

  (b) Failing to properly select, hire, train and manage independent contractors;

  (c) Failing to implement proper and adequate safety methods and/or procedures;

  (d) Failing to take reasonable precautions for Decedent's safety;

  (e) Failing to provide Decedent with a reasonably safe place to work;

  (f) Failing to provide medical treatment and care to Decedent;

  (g) Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed; and

  (h) Failing to inspect the work;

  (i) Failing to properly monitor the weather and temperature conditions at the worksite;

  (j) Failing to properly monitor and oversee safety in the workplace;

  (k) Failing to properly supervise the work being performed, including but not limited to any work performed involving the equipment involved in the explosion;

  (l) Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

  (m) Failing to provide adequate warning to Decedent of the dangerous condition(s);

  (n) Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(o)     Failing to exercise due care and caution;

(p)     Violating OSHA regulations and standards; and,

(q)     other acts of negligence and/or omissions to be shown at trial herein.

6.2     Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**B.     Gross Negligence**

6.3     Plaintiffs allege that all acts, conduct, and/or omissions on the part of the Defendant, taken singularly or in combination, constitute gross negligence, were deliberate, and were the proximate cause of Plaintiffs' injuries and damages and Decedent's death. The Defendant's acts and/or omissions, when viewed objectively from their standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. The Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs and Decedent. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages and Decedent's death. Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

## VII. DAMAGES (PECUNIARY AND NON-PECUNIARY)

7.1     As a result of Defendant's acts and omissions, Plaintiffs Jasmin Munoz, Karina Ramirez, and Antelmo Ramirez, Jr. have lost their father. As a result, Plaintiffs have been made to suffer and sustain significant damages. Antelmo Ramirez, Sr. suffered unspeakable fear, terror, and anguishn–then lost his life. The amount of monetary relief sought is within the sole discretion of the trier of fact, who will consider the evidence and decide what amount will compensate said Plaintiffs

for Defendant's acts and omissions. Plaintiffs seek all damages allowed by law for wrongful death and the estate's survival actions.

7.2     Defendant proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to the Estate of Antelmo Ramirez, Sr.: (a) physical pain in the past; (b) mental anguish in the past; (c) disfigurement in the past; (d) physical impairment in the past; (e) medical expenses in the past; (f) loss of earnings and loss of future earning capacity; (g) burial expenses; and  (h) exemplary and punitive damages.

7.3     Defendant proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Jasmin Munoz: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.4     Defendant proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Karina Ramirez: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.5     Defendant proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Antelmo Ramirez, Jr.: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

6

7.6     Plaintiffs seek all damages allowed by law.

7.7     Plaintiffs seek in excess of $25,000,000.00 and exemplary damages in the conscience

of the trier of fact to deter such conscious indifference to human life and suffering and to deter

corporations placing corporate profits and power over lives, specifically of this Decedent.

WHEREFORE, Plaintiffs pray the Court issue citation for Defendant to appear and answer

herein, and that Plaintiffs be awarded judgment against Defendant for the following:

a.     Actual damages;
b.     Exemplary damages;
c.     Prejudgment and postjudgment interest;
d.     Court costs;
e.     Punitive damages and attorney's fees; and
f.     All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
TX SBN 24076708
mspagnoletti@spaglaw.com
Eric J. Rhine
TX SBN 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713.653.5600
Facsimile:     713.653.5656

ATTORNEYS FOR PLAINTIFF

7

# EXHIBIT "2"



**CT Corporation**
**Service of Process Notification**
05/23/2022
CT Log Number 541619641

## Service of Process Transmittal Summary

**TO:**      MICHAEL WIRTH
             BELCAN CORPORATION
             10151 CARVER RD
             BLUE ASH, OH 45242-4758

**RE:**      **Process Served in Texas**

**FOR:**     Belcan Services Group Limited Partnership  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MUNOZ, JASMIN (INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANTELMO RAMIREZ SR (DECEASED)) // To: Belcan Services Group Limited Partnership |
| **CASE #:** | 202127251 |
| **NATURE OF ACTION:** | Wrongful Death |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 05/23/2022 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jane Vatterott  jvatterott@belcan.com |
| | Email Notification,  David Troller  dtroller@belcan.com |
| | Email Notification,  Josh Welker  jwelker@belcan.com |
| | Email Notification,  Tanya Chanthalangsy  tchanthalangsy@belcan.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

▸ Insert shipping
document here

ORIGIN ID:EIXA          (713) 653-5600
SPAGNOLETTI LAW FIRM
SPAGNOLETTI LAW FIRM
401 LOUISIANA
8TH FLOOR
HOUSTON, TX 77002
UNITED STATES US

SHIP DATE: 20MAY22
ACTWGT: 0.50 LB
CAD: 5756934/INET4490

BILL SENDER

TO  **C T CORPORATION SYSTEM**

**RA FOR BELCAN SERVICES GROUP**

**1999 BRYAN STREET**

**SUITE 900**

**DALLAS TX 75201**

(713) 653-5600
INV:                              REF: MUNOZ, ET AL.
PO:                               DEPT:





FedEx Ship Manager - Print Your Label(s)

577J57IBD6FFE4A

**TUE - 24 MAY 4:30P**

** 2DAY **

TRK#
0201    **7769 1669 3527**

**4Z QDLLQ**          **75201**
                      TX-US   **DFW**





# SPAGNOLETTI LAW FIRM

### ATTORNEYS AT LAW

401 LOUISIANA STREET, 8TH FLOOR
HOUSTON, TEXAS 77002

TELEPHONE 713 653 5600                                                                 FAX 713 653 5656

May 20, 2022

**Via FedEx Tracking No. 776916693527**
C T Corporation System
Registered Agent for Belcan Services Group Limited Partnership
1999 Bryan St., Ste. 900
Dallas, TX 75201

Re:    Cause No. 2022-27251; *Jasmin Munoz, Ind. And as Personal Rep. Of the Estate of Antelmo Ramirez, Sr., Deceased, et al. v. Tesla, Inc.*; 152nd Judicial District Court, Harris County, Texas

To Whom it May Concern:

Enclosed please find a *Citation,* along with *Plaintiffs' First Amended Petition* attached thereto, which we hereby serve upon you as agent for Belcan Services Group Limited Partnership.

Very truly yours,

**SPAGNOLETTI LAW FIRM**

*/s/ Eric J. Rhine*

Eric J. Rhine

EJR/mm
Enclosure(s)

Receipt Number: 926818
Tracking Number: 74008047 EML

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202227251

| | |
|---|---|
| PLAINTIFF: MUNOZ, JASMIN (INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANTELMO RAMIREZ SR {DECEASED}) | In the 152nd Judicial |
| vs. | District Court of |
| DEFENDANT: TESLA INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: BELCAN SERVICES GROUP LIMITED PARTNERSHIP (A FOREIGN LIMITED PARTNERSHIP) MAY BE SERVED THROUGH ITS REGISTERED AGENT C T CORPORATION SYSTEM

1999 BRYAN ST STE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFFS' FIRST AMENDED PETITION.

This instrument was filed on May 19, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this May 20, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: ADILIANI SOLIS

Issued at request of:
Spagnoletti, Marcus R
401 LOUISIANA STREET, 8TH FLOOR
HOUSTON, TX 77002
713-653-5600
Bar Number: 24076708

Tracking Number: 74008047 EML

CAUSE NUMBER: 202227251

| | |
|---|---|
| PLAINTIFF: MUNOZ, JASMIN (INDIVIDUALLY AND | In the 152nd |
| AS PERSONAL REPRESENTATIVE OF THE ESTATE | |
| OF ANTELMO RAMIREZ SR {DECEASED}) | |
| vs. | Judicial District Court |
| DEFENDANT: TESLA INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____        _____
                          _____ of _____
County, Texas
_____        By: _____
        Affiant                           Deputy
On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____
                          _____

Notary Public

5/19/2022 12:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64665369
By: Adiliani Solis
Filed: 5/19/2022 12:10 PM

CAUSE NO. 2022-27251

| | | |
|---|---|---|
| JASMIN MUNOZ, Individually and as | § | IN THE DISTRICT COURT |
| Personal Representative of the Estate of | § | |
| Antelmo Ramirez, Sr., Deceased, | § | |
| KARINA RAMIREZ, and ANTELMO | § | |
| RAMIREZ, JR. | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TESLA, INC. ET AL. | § | 152ND JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Jasmin Munoz, Individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased ("Decedent"), Karina Ramirez, and Antelmo Ramirez, Jr. (collectively "Plaintiffs"), complaining of Defendants Tesla, Inc. ("Tesla"), Belcan, LLC ("Belcan"), Belcan Engineering Group, LLC ("Belcan Engineering") and Belcan Services Group Limited Partnership ("Belcan Services") (collectively "Defendants"), and, for cause of action would show unto this Honorable Court, as follows:

## I. DISCOVERY CONTROL PLAN

1.1    Plaintiffs intend to conduct discovery under Level 3, pursuant to Texas Rule of Civil Procedure 190.4.

1.2    Plaintiffs affirmatively plead that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of $250,000.

## II. CLAIMS FOR RELIEF

2.1    Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiffs are seeking monetary relief over $1,000,000.

## III. PARTIES

3.1     Plaintiff Jasmin Munoz is a resident and citizen of Harris County, Texas, and brings this claim individually and as Personal Representative of the Estate of Antelmo Ramirez, Sr., Deceased. Jasmin Munoz is the surviving daughter of the Deceased.

3.2     Plaintiff Karina Ramirez, is a resident and citizen of Texas. Karina Ramirez is the surviving daughter of the Deceased.

3.3     Plaintiff Antelmo Ramirez, Jr. is a resident and citizen of Texas. Antelmo Ramirez, Jr. is the surviving son of the Deceased.

3.4     Defendant Tesla, Inc., is a Delaware corporation with its principal place of business in Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3.5     Defendant Belcan, LLC, is a foreign limited liability company with its principal place of business in Cincinnati, Ohio, doing business in the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044. This suit arises out of business contacts in the State of Texas and, under the circumstances, Belcan, LLC has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Petition, along with Citation, by certified mail, return receipt requested, to Defendant, Belcan, LLC, at its home office 10200 Anderson Way, Cincinnati, Ohio 45242.

2

3.6     Defendant Belcan Engineering Group, LLC, is a foreign limited liability company with its principal place of business in Cincinnati, Ohio, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3.7     Defendant Belcan Services Group Limited Partnership, is a foreign limited partnership with its principal place of business in Cincinnati, Ohio, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3.8     Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiffs specifically invoke the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

## IV. JURISDICTION AND VENUE

4.1     This Court has jurisdiction over this case because Defendants are residents of and/or systematically conduct business in the State of Texas.  The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

4.2     Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code as Harris County, Texas is the county where the principal places of business for at least one of the Defendants is located. Because Plaintiffs have established proper venue against one defendant, the Court also has venue over all of the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences, thus venue is proper in Harris County, Texas as to all Defendants in this case.

3

4.3     Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, and this lawsuit lacks diversity of citizenship.

## V. FACTS

5.1     It has become necessary to bring this action because of the deadly incident that occurred at the Tesla giga-factory construction project on September 28, 2021.

5.2     On the date of the incident, the Decedent was performing work on behalf of the Defendants at the project. The Decedent performed heavy labor job tasks at the worksite, including constructing, installing and pounding stakes and boards for concrete framework. During his work, he was exposed to the recognized hazard of high ambient heat with a heat index in excess of 98 degrees Fahrenheit in direct sun while performing his job duties.

5.3     As a result of the exposure to excessive heat, Decedent exhibited an altered mental status to his co-workers. He was taken into a trailer on the site, where he became unresponsive. Medical staff began treatment until EMS arrived. By the time EMS arrived, Decedent's temperature was 106.4 degrees. Unfortunately, the medical treatment he received on the scene was unable to save him. The Decedent died of hyperthermia as a result of the excessive heat conditions he worked in.

5.4     Decedent suffered unimaginable pain and suffering, before dying in the trailer.

5.5     Plaintiffs' injuries and the Decedent's injuries and resultant death were not caused by any fault of their own, but rather the negligence and/or gross negligence of all Defendants.

5.6     The consequence to Plaintiffs has been painful and will be prolonged, including physical injuries and mental suffering from which they may never recover.

4

## VI.  CAUSES OF ACTION

### A.     Negligence of Defendant - Tesla

6.1     At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

      (a)    Failing to properly select, hire, train and manage Defendant's employees at the worksite;

      (b)    Failing to properly select, hire, train and manage independent contractors;

      (c)    Failing to implement proper and adequate safety methods and/or procedures;

      (d)    Failing to take reasonable precautions for Decedent's safety;

      (e)    Failing to provide Decedent with a reasonably safe place to work;

      (f)    Failing to provide medical treatment and care to Decedent;

      (g)    Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

      (h)    Failing to inspect the work;

      (i)    Failing to properly monitor the weather and temperature conditions at the worksite;

      (j)    Failing to properly monitor and oversee safety in the workplace;

      (k)    Failing to properly supervise the work being performed;

      (l)    Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(m)     Failing to provide adequate warning to Decedent of the dangerous condition(s);

(n)     Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(o)     Failing to exercise due care and caution;

(p)     Violating OSHA regulations and standards; and

(q)     Other acts of negligence and/or omissions to be shown at trial herein.

6.2     Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**B.      Negligence of Defendant - Belcan**

6.3     At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

(a)     Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)     Failing to implement proper and adequate safety methods and/or procedures;

(c)     Failing to take reasonable precautions for Decedent's safety;

(d)     Failing to provide Decedent with a reasonably safe place to work;

(e)     Failing to provide medical treatment and care to Decedent;

6

(f)    Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(g)    Failing to properly monitor the weather and temperature conditions at the worksite;

(h)    Failing to properly monitor and oversee safety in the workplace;

(i)    Failing to properly supervise the work being performed;

(j)    Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(k)    Failing to provide adequate warning to Decedent of the dangerous condition(s);

(l)    Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(m)    Failing to exercise due care and caution;

(n)    Failing to implement safety policies and procedures applicable to subsidiary companies that were sufficient to minimize risk to Decedent and others;

(o)    Failing to implement policies and procedures applicable to subsidiary companies to monitor the work conditions;

(p)    Failing to implement policies and procedures applicable to subsidiary companies to recognize and remediate hazards posed by significant temperatures at the worksite;

(q)    Failing to implement policies and procedures applicable to subsidiary companies to properly monitor the weather and temperature conditions at the worksite;

(r)    Failing to implement policies and procedures applicable to subsidiary companies to ensure adequate medical care was available at the worksite;

(s)    Violating OSHA regulations and standards; and

(t)    Other acts of negligence and/or omissions to be shown at trial herein.

6.4     Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

### C.     Negligence of Defendant - Belcan Engineering

6.5     At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. The Defendant breached that duty in one or more of the following acts:

(a)     Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)     Failing to implement proper and adequate safety methods and/or procedures;

(c)     Failing to take reasonable precautions for Decedent's safety;

(d)     Failing to provide Decedent with a reasonably safe place to work;

(e)     Failing to provide medical treatment and care to Decedent;

(f)     Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(g)     Failing to properly monitor the weather and temperature conditions at the worksite;

(h)     Failing to properly monitor and oversee safety in the workplace;

(i)     Failing to properly supervise the work being performed;

(j)     Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

8

(k)   Failing to provide adequate warning to Decedent of the dangerous condition(s);

(l)   Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(m)   Failing to exercise due care and caution;

(n)   Failing to implement safety policies and procedures applicable to subsidiary companies that were sufficient to minimize risk to Decedent and others;

(o)   Failing to implement policies and procedures applicable to subsidiary companies to monitor the work conditions;

(p)   Failing to implement policies and procedures applicable to subsidiary companies to recognize and remediate hazards posed by significant temperatures at the worksite;

(q)   Failing to implement policies and procedures applicable to subsidiary companies to properly monitor the weather and temperature conditions at the worksite;

(r)   Failing to implement policies and procedures applicable to subsidiary companies to ensure adequate medical care was available at the worksite;

(s)   Violating OSHA regulations and standards; and

(t)   Other acts of negligence and/or omissions to be shown at trial herein.

6.6    Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**D.    Negligence of Defendant - Belcan Services**

6.7    At the time and on the occasion in question, the Defendant committed acts and omissions, which collectively and separately constituted negligence. The Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary

prudence under the same or similar circumstances. The Defendant breached that duty in one or more

of the following acts:

(a)   Failing to properly select, hire, train and manage Defendant's employees at the worksite;

(b)   Failing to implement proper and adequate safety methods and/or procedures;

(c)   Failing to take reasonable precautions for Decedent's safety;

(d)   Failing to provide Decedent with a reasonably safe place to work;

(e)   Failing to provide medical treatment and care to Decedent;

(f)   Failing to properly and adequately provide safety training, planning, and information to Defendant's employees in the event emergency medical care was needed;

(g)   Failing to properly monitor the weather and temperature conditions at the worksite;

(h)   Failing to properly monitor and oversee safety in the workplace;

(i)   Failing to properly supervise the work being performed;

(j)   Failing to recognize and remediate hazards posed by significant temperatures at the worksite;

(k)   Failing to provide adequate warning to Decedent of the dangerous condition(s);

(l)   Failing to adequately and properly mitigate harm during work, including implementing adequate procedures regarding the temperature;

(m)   Failing to exercise due care and caution;

(n)   Violating OSHA regulations and standards; and

(o)   other acts of negligence and/or omissions to be shown at trial herein.

10

6.8     Each of the above listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the incident made the basis of this suit and the injuries and damages suffered by Plaintiffs and the Decedent's painful death.

**E.     Gross Negligence of All Defendants**

6.9     Plaintiffs allege that all acts, conduct, and/or omissions on the part of the Defendants, taken singularly or in combination, constitute gross negligence, were deliberate, and were the proximate cause of Plaintiffs' injuries and damages and Decedent's death. The Defendants' acts and/or omissions, when viewed objectively from their standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. The Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs and Decedent. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages and Decedent's death.  Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

**VII.  DAMAGES (PECUNIARY AND NON-PECUNIARY)**

7.1     As a result of Defendants' acts and/or omissions, Plaintiffs Jasmin Munoz, Karina Ramirez, and Antelmo Ramirez, Jr. have lost their father. As a result, Plaintiffs have been made to suffer and sustain significant damages. Antelmo Ramirez, Sr. suffered unspeakable fear, terror, and anguishn–then lost his life.  The amount of monetary relief sought is within the sole discretion of the trier of fact, who will consider the evidence and decide what amount will compensate said Plaintiffs for Defendants' acts and/or omissions. Plaintiffs seek all damages allowed by law for wrongful death and the estate's survival actions.

7.2     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to the Estate of Antelmo Ramirez, Sr.: (a) physical pain in the past; (b) mental anguish in the past; (c) disfigurement in the past; (d) physical impairment in the past; (e) medical expenses in the past; (f) loss of earnings and loss of future earning capacity; (g) burial expenses; and  (h) exemplary and punitive damages.

7.3     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Jasmin Munoz: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.4     Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Karina Ramirez: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.5     `Defendants proximately caused injury and death to Antelmo Ramirez, Sr., which resulted in the following damages, among others, to Antelmo Ramirez, Jr.: (a) loss of companionship and guidance in the past and future; (b) mental anguish in the past and future; (c) loss of earning capacity in the past and future; (d) loss of consortium in the past and future; (e) loss of household services in the past and future; and (f) exemplary and punitive damages.

7.6     Plaintiffs seek all damages allowed by law.

12

en

7.7     Plaintiffs seek in excess of $25,000,000.00 and exemplary damages in the conscience

of the trier of fact to deter such conscious indifference to human life and suffering and to deter

corporations placing corporate profits and power over lives, specifically of this Decedent.

WHEREFORE, Plaintiffs pray the Court issue citation for Defendants to appear and answer

herein, and that Plaintiffs be awarded judgment against Defendants for the following:

a.     Actual damages;
b.     Exemplary damages;
c.     Prejudgment and postjudgment interest;
d.     Court costs;
e.     Punitive damages and attorney's fees; and
f.     All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Marcus R. Spagnoletti
TX SBN 24076708
mspagnoletti@spaglaw.com
Eric J. Rhine
TX SBN 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713.653.5600
Facsimile:     713.653.5656

ATTORNEYS FOR PLAINTIFF

13

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meghan Martine on behalf of Eric Rhine
Bar No. 24060485
meghan@spaglaw.com
Envelope ID: 64665369
Status as of 5/19/2022 12:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marcus RSpagnoletti | | marcus@spaglaw.com | 5/19/2022 12:10:52 PM | SENT |
| Eric Rhine | | erhine@spaglaw.com | 5/19/2022 12:10:52 PM | SENT |
| Meghan Martine | | meghan@spaglaw.com | 5/19/2022 12:10:52 PM | SENT |

Return Receipt (Form 3811) Barcode

9590 9266 9904 2186 9453 71

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☒ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Belcan Services Group, Ltd. Partnership
Attn: Tara Hunt
10200 Anderson Way
Cincinnati, OH 45242

JUL 0 8 2022

SYCAMORE BRANCH
CINCINNATI OH 45242

SYCAMORE BRANCH
JUL 0 8 2022
CINCINNATI OH 45242

3. Service Type:
☒ Certified Mail

Reference Information
Demand for Indemnification
JAR6: 159479.000003

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2186 9453 78

PS Form 3811, Facsimile, July 2015                              Domestic Return Receipt