IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TESLA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1466-DII |
| | § | |
| TRAVELERS PROPERTY CASUALTY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Tesla, Inc.'s ("Tesla") Rule 12(f) motion to strike. (Dkt. 6). In the motion, Tesla asks the Court to either strike three of the defenses asserted by Defendant Travelers Property Casualty Company of America ("Travelers") in its answer, (Dkt. 5), or compel Travelers to amend its answer and re-plead these defenses. (Mot., Dkt. 6). The three affirmative answers that Tesla seeks to strike are set forth below:

> 1. **Conditions Precedent.** Travelers specifically denies that Plaintiff satisfied one or more conditions precedent to recovery, and, accordingly, Travelers is excused from performing under the contract. Plaintiff consequently has no cause of action against Travelers for which relief can be granted. These conditions are set forth herein and in amended and supplemental pleadings.
>
> 2. **Policy Provisions Limit or Preclude Coverage.** The Policy under which Plaintiff sued was issued by Travelers, subject to all terms, conditions, exclusions, limitations, which preclude, in whole or in part, Plaintiffs recovery in this action. Such exclusions, limitations, conditions, terms, and provisions include, but are not limited to, the following:
>
> Any person or organization that you agree in a written contract or agreement to include as an additional insured on this Coverage Part is an insured, but only:
>
>> a. With respect to liability for "bodily injury" or "property damage" that occurs, or for "personal injury" caused by an offense that is committed, subsequent to the signing of that

1

> contract or agreement and while that part of the contract or agreement is in effect; and
>
> b. If, and only to the extent that, such injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the written contract or agreement applies. Such person or organization does not qualify as an additional insured with respect to the independent act or omissions of such person or organization.
>
> Employers Liability Exclusion under the policy, which states:
>
> 2. Exclusions This insurance does not apply to: ***
>
> c. "Bodily Injury" to:
>
> (1) An "employee" of the insured arising out of and in the course of:
> (a) Employment by the insured; or
> (b) Performing duties related to the conduct of insured's business
>
> The foregoing and other policy provisions negate coverage, in whole or in part, for damages alleged in this suit. Additionally, other provisions of the policy may preclude coverage. Travelers hereby pleads and reserves its rights to rely on any provision included with the Policy. 2 The Policy is attached as Exhibit A and is fully incorporated for all purposes.
>
> 16.    **Offset or Credit.** Defendant pleads all defenses under Chapter 32 and Chapter 33 of the Texas Civil Practice & Remedies Code, including without limitation the provisions regarding reduction of damages, credits for settlements, joint and several liability, contribution, and indemnity under §§ 33.012—33.017.

(Answer, Dkt. 5, ¶¶ II(1, 2, 16).

Tesla argues that these three defenses contain insufficient allegations that deprive Tesla of fair notice of the defenses that Travelers seeks to assert. (*Id.* at 1). Tesla states that the inclusion of the defenses would prejudice Tesla by "needlessly expanding the scope of discovery and subjecting Tesla to unfair surprise." (*Id.* at 2). Travelers has filed a response in opposition, in which it argues that the Court should deny the motion to strike because Travelers's pleadings give Tesla fair notice of the defenses that it will assert and because Tesla has failed to explain how not striking the pleadings will specifically prejudice Tesla. (Resp., Dkt. 8, at 4–5).

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). But striking a pleading is disfavored and should be done sparingly, *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962), as it is a drastic remedy "and because it is often sought by a movant simply as a dilatory tactic." *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010). Moreover, striking portions of a pleading under Rule 12(f) is appropriate only upon a showing of prejudice to the moving party. *Id.*; *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 149 (S.D. Miss. 2018); *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011). A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). This "fair notice" requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362 (citation and internal quotation marks omitted). In some cases, "merely pleading the name of the affirmative defense" is enough. *Id.*

Here, Tesla has not met the high burden needed to strike Travelers's defenses. Tesla's general assertion that the defenses will lead to more expansive discovery and subject to Tesla to unfair surprise do not constitute a specific showing of how these pleadings prejudice Tesla. Further, the Court finds that the defenses are sufficiently pleaded such that Tesla has fair notice of the defenses Travelers intends to assert in this case. First, the conditions precedent defense gives Tesla sufficient notice that Travelers disputes that Tesla has demonstrated that it has proven that the claimed event is covered by the policy at issue in this case. Second, Tesla disputes that the second defense of policy provisions that limit or preclude coverage is not specific enough because it concludes with the line: "The foregoing and other policy provisions negate coverage, in whole or in part, for damages alleged in this suit." (Mot., Dkt. 6, at 4 (citing Answer, Dkt. 5, ¶ II(2))). However,

this defense appears in the context of a paragraph that names two specific policy provisions that Travelers intends to rely upon. This pleading gives Tesla fair notice of which provisions Travelers believes limits or precludes recovery. Third, Travelers' "offset or credit" defense is sufficiently pled as it states that Travelers will rely on defenses under Chapter 32 and Chapter 33 of the Texas Civil Practice & Remedies Code. (Answer, Dkt. 5, ¶ II(16)). Given that Chapter 32 only has three sections and Travelers cites several specific provisions within Chapter 33 that it will rely upon, this defense is sufficiently pled. It provides Tesla with fair notice of which statutory provisions Travelers will rely upon if issues related to reduction of damages, joint and several liability, contribution, or indemnity arise in this suit.

Because Travelers's pleadings give Tesla fair notice of the defenses it will assert in this case and because Tesla has failed to specifically allege the prejudice it will face if the defenses are not struck, **IT IS ORDERED** that Tesla's motion to strike, (Dkt. 6), is **DENIED**.

**SIGNED** on March 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE